IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON BENJAMIN KINNEY,<br><br>    Plaintiff,<br><br>v.<br><br>MARLOW BRIDGE, et al.,<br><br>    Defendants.<br>                                        / | No. 3:16-cv-03211-CRB<br><br>**ORDER (1) GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS, (2) DENYING MOTION FOR RULE 11 SANCTIONS, (3) ORDERING PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY <u>SUA SPONTE</u> RULE 11 SANCTIONS SHOULD NOT BE IMPOSED** |

      This case concerns claims courts have rejected again and again, and so it now concerns sanctions under Federal Rule of Civil Procedure Rule 11 as well.

**I.    BACKGROUND**

    **A.    Factual Background**

      On July 2, 2015, Plaintiff Harrison Benjamin Kinney and Patrick Connally visited the Nob Hill Grill, which Defendant Marlow Bridge jointly owned and operated. Compl. ¶¶ 10-15, 19. Mr. Connally used a wheelchair while Mr. Kinney suffered "from severe brain injury." <u>Id.</u> ¶¶ 7-8. During the visit, Mr. Connally struggled to use the restroom because of several architectural barriers and needed Mr. Kinney's help to leave the restroom as a result. <u>Id.</u> ¶¶ 22-23. This experience caused Mr. Kinney "stress, strain, increased perseveration, annoyance, anger, embarrassment and mental discomfort." <u>Id.</u>

On July 13, 2015, Mr. Connally wrote identical letters to the Nob Hill Grill manager and the building owner detailing his struggle during the visit to the restaurant and asking that they bring the restroom into compliance with the ADA. Id. ¶ 23.  There was no response. Id.

On September 15, 2015, Mr. Kinney and Mr. Connally returned to the Nob Hill Grill. Id. ¶¶ 19, 21, 24.  The restaurant door was closed. Id. ¶ 21.  Mr. Connally could enter the restaurant only with Mr. Kinney's assistance. Id.  Mr. Kinney again "experienced stress, strain, perseveration, mental discomfort, annoyance, and anger" from "seeing and reacting to this occurrence happening to . . . [Mr.] Connally." Id.

### B.     Procedural History

Since the mid-1990s, Plaintiff's Counsel Thomas E. Frankovich has apparently brought 60-plus cases under the Americans with Disabilities Act ("ADA") on behalf of Patrick Connally.  While at least two such suits were pending[1] – including one regarding the events described above – Mr. Connally died.  See Connally v. Marlow Bridge et al., case no. 15-cv-5804 (CRB), R&R (dkt. 28) at 1; Connally v. Gav's Auto Serv., case no. 15-cv-3468 (JST), R&R (dkt. 30) at 3.  Mr. Frankovich moved to substitute Mr. Kinney as the plaintiff in both cases, alleging that Mr. Kinney experienced mental distress – or "perseveration" – when he saw Mr. Connally struggling with structural barriers.  See case no. 15-cv-5804 (CRB), Mot. to Amend (dkt. 18-1) at 4; case no. 15-cv-3468 (JST), Mot. to Amend (dkt. 23-1) at 4.

On June 10, 2016, Mr. Frankovich filed this lawsuit on behalf of Mr. Kinney.  See Kinney v. Marlow Bridge et al., case no. 16-cv-3211 (CRB), Compl. (dkt. 1).  Within two weeks, two magistrate judges issued reports and recommendations in the original lawsuits making clear that Mr. Kinney lacks standing to object to structural barriers under the ADA because he is not physically disabled.  See case no. 15-cv-5804 (CRB), R&R at 5-6 (relying on Chapman v. Pier 1 Imports Inc., 631 F.3d 939, 947 (9th Cir. 2011)); case no. 15-cv-3468 (JST), R&R at 5 (same).  That did not stop Mr. Frankovich from filing another lawsuit on behalf of Mr. Kinney against Gav's Auto, which remains pending.  See Kinney v. Gav's

---

[1] Actually, three.  See Connally v. Rino Fairfax Gas et al., case no. 15-cv-601 (JD).  For one reason or another, though, Mr. Kinney's later suit against Rino was voluntarily dismissed in the early going.  Kinney v. Rino Fairfax Gas et al., case no 16-cv-3229 (HSG), Not. of Vol. Dismissal (dkt. 8).

2

Auto, case no. 16-cv-3480 (formerly CRB), Compl. (dkt. 1). The original lawsuits were dismissed about two months later – one voluntarily,[2] one not so much. See case no. 15-cv-5804 (CRB), Not. of Vol. Dismissal (dkt. 39); case no. 15-cv-3468 (JST), Order Dismissing Case (dkt. 35) at 1 (adopting magistrate judge's report and recommendation in full).

Marlow Bridge then moved for judgment on the pleadings, arguing that Chapman and its progeny make clear that Mr. Kinney does not have standing under the ADA. See case no. 16-cv-3211 (CRB) MJP (dkt. 23) at 6. At the motion hearing, the Court observed that the suit seemed "frivolous" and ordered Mr. Frankovich to appear in person the following Wednesday if he wished to explain otherwise. See Minute Order (dkt. 30). The Court also gave him the chance to voluntarily dismiss the case "no later than 5 p.m. on Monday" and simply walk away. See id. On Tuesday, after Mr. Frankovich refused to back down, Marlow Bridge moved for sanctions. See Mot. for Sanctions (dkt. 31). Defense counsel did not serve Mr. Frankovich with the sanctions motion before filing. See Frankovich Decl. (dkt. 35-1) at 1; see Reply (dkt. 39) at 1-3.

At the Wednesday hearing, Mr. Frankovich admitted that there was no authority for according Mr. Kinney standing under the ADA. The Court took the motion for judgment on the pleadings under submission and invited Mr. Frankovich to respond in writing to the motion for sanctions. See Minute Order (dkt. 32).

## II. LEGAL STANDARD

### A. Judgment on the Pleadings

A court may grant judgment on the pleadings under Rule 12(c) "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990) (citation omitted). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under

---

[2] At that point, however, the Court had already denied the motion to substitute Mr. Kinney as the plaintiff on "standing and mootness grounds." See case no. 15-cv-5804 (CRB), Order (dkt. 31) at 1. What is more, Mr. Frankovich filed yet another still-pending ADA suit on behalf of Mr. Kinney ten days later. See case no. 16-cv-4947 (MEJ), Compl. (dkt. 1) at 3.

3

both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting Brooks v. Dunlop Mfg. Inc., No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011), aff'd, 702 F.3d 624 (Fed. Cir. 2012)).

### B. Rule 11

Among other things, Federal Rule of Civil Procedure 11 requires attorneys to certify that any legal contention presented to a court – "whether by signing, filing, submitting, or later advocating it" – be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The rule thus permits sanctions against a party "for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 adv. cmte. notes (1993). A litigant's obligations therefore "are not measured solely as of the time" of filing; they extend throughout the litigation. Id.; see also Buster v. Greisen, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997), abrogated on other grounds by Aetna Health Inc. v. Davila, 542 U.S. 200, 214 n.4, 217-18 (2004). The standard is objective, though a court may look to whether there is "a pattern of activity" or just "an isolated event." Fed. R. Civ. P. 11 adv. cmte. notes (1993). Any sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

A party may move for sanctions but must comply with Rule 11(c)(2)'s "safe harbor" provision. Any such motion must first "be served under Rule 5" and "must not be filed or be presented to the court" for 21 days, which affords an opportunity to withdraw or correct the alleged Rule 11 violation. Fed. R. Civ. 11(c)(2). If a party fails to comply with this "mandatory" procedure, the motion must be denied. See Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788-79 (9th Cir. 2001).

The Court may also impose Rule 11 sanctions on its own initiative, Fed. R. Civ. P. 11(c)(3), in the form of "a penalty payable to the court," Fed. R. Civ. P. 11 adv. cmte. notes (1993). Although there is no "safe harbor" for sua sponte sanctions, litigants must have "notice of the alleged violation and an opportunity to respond before sanctions are imposed."

4

Fed. R. Civ. P. 11 adv. cmte. notes (1993).  For that reason, sua sponte sanctions should "be imposed only in situations that are akin to a contempt of court."  Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998).  This is a higher bar than that for granting a motion for sanctions. See United Nat. Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1115-16 (9th Cir. 2001).

## III.   DISCUSSION

The mentally-disabled Mr. Kinney does not have standing to bring ADA claims regarding structural barriers to the physically-disabled, however much he perseverates and however many times his lawyer insists to the contrary.[3]  See Chapman v. Pier 1 Imports Inc., 631 F.3d 939, 947 (9th Cir. 2011); Rodriguez v. Barrita, Inc., 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014) ("Because Rodriguez cannot demonstrate that the stairway safety barriers related to his particular disability, he cannot demonstrate an 'injury-in-fact' that can be redressed by court order."); Parr v. L&L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1082-83 (D. Haw. 2000) (holding that a paralyzed plaintiff did not have standing to bring an ADA claim regarding a lack of signs written in braille).  The Court therefore GRANTS the motion for judgment on the pleadings.

That is not the end of the matter, at least for Mr. Frankovich.  At least four judges in this district alone have informed him that Mr. Kinney does not have standing to object to structural barriers under the ADA.  See case no. 15-cv-5804 (CRB), R&R at 5-6 (Magistrate Judge Laporte); case no. 15-cv-3468 (JST), R&R at 5 (Magistrate Judge Corley); case no. 15-cv-5804 (CRB), Order on Mot. to Sub. Party at 1 (Judge Breyer); case no. 15-cv-3468 (JST), Order Dismissing Case at 1 (Judge Tigar).  So whatever excuse Mr. Frankovich could have had for not understanding the law went out the window months ago.[4]  Nevertheless, he has continued to insist upon a frivolous position long after he was informed – and informed again, and again, and again – that it is "no longer tenable," Fed. R. Civ. P. 11 adv. cmte.

---

[3] It also makes no difference whether Mr. Kinney perseverates as a result of watching someone struggle with architectural barriers or seeing the barriers themselves.

[4] Mr. Frankovich is mistaken that the date of filing his complaint in this case can save him. Compare Opp'n to R.11 Mot. at 4, with Fed. R. Civ. P. 11 adv. cmte. notes (1993) (noting that a litigant's obligations "are not measured solely as of the time" of filing but instead extend throughout the litigation), and Buster, 104 F.3d at 1190 n.4 (same).

5

notes (1993). The Court DENIES the motion for sanctions because defense counsel did not comply with Rule 11's safe harbor provision. See Radcliffe, 254 F.3d at 788-79. But Mr. Frankovich's conduct is "akin to a contempt of court," Barber, 146 F.3d at 711, and so the Court ORDERS him to show cause why it should not impose sua sponte sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for judgment on the pleadings and DENIES Marlow Bridge's motion for Rule 11 sanctions without oral argument pursuant to Local Rule 7-1(b). It further ORDERS Mr. Frankovich to show cause within fourteen (14) days why the Court should not impose sua sponte sanctions under Rule 11.[5]

The Court therefore VACATES the motion hearing set for January 20, 2017 but ORDERS Mr. Frankovich to appear on February 3, 2017 at 10 a.m. for a show-cause hearing.[6] The Court also INFORMS Mr. Frankovich that, should he wish to provide evidence about his financial position for the Court to consider, now is the time. See Fed. R. Civ. P. 11 adv. cmte. notes (1993) (permitting consideration of "the financial resources of the responsible person" for sanction amount).

**IT IS SO ORDERED.**

Dated: January 13, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[5] If it sees fit, the Court has the power order sanctions despite having ruled on the motion for judgment on the pleadings. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990) (observing that federal courts may "consider collateral issues after an action is no longer pending," such as Rule 11 sanctions); Branson v. Nott, 62 F.3d 287, 293 (9th Cir. 1995).

[6] Mr. Frankovich may appear telephonically if he so chooses.