IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON BENJAMIN KINNEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARLOW BRIDGE, et al.,<br><br>　　　　Defendants.　　　　　　　　／ | No. 3:16-cv-03211-CRB<br><br>**ORDER REGARDING SUA SPONTE SANCTIONS** |

The Court will now determine whether to impose sua sponte sanctions on Plaintiff's Counsel, Mr. Thomas E. Frankovich, under Federal Rule of Civil Procedure 11.

I.   **BACKGROUND**

The Court has already recounted at length the history of Mr. Frankovich's representation of Plaintiff Harrison Kinney. See MJP Order (dkt. 40). But to spare everyone the trouble, it will do so again here.

　　**A.   Factual Background**

On July 2, 2015, Plaintiff Harrison Benjamin Kinney and Patrick Connally visited the Nob Hill Grill, which Defendant Marlow Bridge jointly owned and operated. Compl. ¶¶ 10-15, 19. Mr. Connally used a wheelchair while Mr. Kinney suffered "from severe brain injury." Id. ¶¶ 7-8. During the visit, Mr. Connally struggled to use the restroom because of

several architectural barriers and needed Mr. Kinney's help to leave the restroom as a result. Id. ¶¶ 22-23.  This experience caused Mr. Kinney "stress, strain, increased perseveration, annoyance, anger, embarrassment and mental discomfort."  Id.

On September 15, 2015, Mr. Kinney and Mr. Connally returned to the Nob Hill Grill. Id. ¶¶ 19, 21, 24.  The restaurant door was closed.  Id. ¶ 21.  Mr. Connally could enter the restaurant only with Mr. Kinney's assistance.  Id.  Mr. Kinney again "experienced stress, strain, perseveration, mental discomfort, annoyance, and anger" from "seeing and reacting to this occurrence happening to . . . [Mr.] Connally."  Id.

### B.     Procedural History

**1.**     Since the mid-1990s, Mr. Frankovich has apparently brought 60-plus cases under the Americans with Disabilities Act ("ADA") on behalf of one Patrick Connally.  While at least two such suits were pending[1] – including one regarding the events described above – Mr. Connally died.  See Connally v. Marlow Bridge et al., case no. 15-cv-5804 (CRB), R&R (dkt. 28) at 1; Connally v. Gav's Auto Serv., case no. 15-cv-3468 (JST), R&R (dkt. 30) at 3. Mr. Frankovich moved to substitute Mr. Kinney as the plaintiff in both cases, alleging that Mr. Kinney experienced mental distress – or "perseveration" – when he saw Mr. Connally struggling with structural barriers.  See case no. 15-cv-5804 (CRB), Mot. to Amend (dkt. 18-1) at 4; case no. 15-cv-3468 (JST), Mot. to Amend (dkt. 23-1) at 4.

**2.**     On June 10, 2016, Mr. Frankovich filed this lawsuit on behalf of Mr. Kinney.  See Kinney v. Marlow Bridge et al., case no. 16-cv-3211 (CRB), Compl. (dkt. 1).

**3.**     Two magistrate judges then issued reports and recommendations in the original lawsuits making clear that Mr. Kinney lacks standing to object to structural barriers under the ADA because he is not physically disabled.  See case no. 15-cv-5804 (CRB), R&R at 5-6 (relying on Chapman v. Pier 1 Imports Inc., 631 F.3d 939, 947 (9th Cir. 2011)); case no. 15-cv-3468 (JST), R&R at 5 (same).

---

[1] Actually, three.  See Connally v. Rino Fairfax Gas et al., case no. 15-cv-601 (JD).  Mr. Kinney's later suit against Rino was voluntarily dismissed in the early going.  Kinney v. Rino Fairfax Gas et al., case no 16-cv-3229 (HSG), Not. of Vol. Dismissal (dkt. 8).  Mr. Frankovich informed the Court at the show-cause hearing that he did so because Rino had removed most of the barriers.

2

1  **4.**     That did not stop Mr. Frankovich from filing another lawsuit on behalf of Mr. Kinney
2  against Gav's Auto on June 22, 2016. See <u>Kinney v. Gav's Auto</u>, case no. 16-cv-3480
3  (formerly CRB), Compl. (dkt. 1).

4  **5.**     The original lawsuits were dismissed about two months later – one voluntarily,[2] one
5  not so much. <u>See</u> case no. 15-cv-5804 (CRB), Not. of Vol. Dismissal (dkt. 39); case no.
6  15-cv-3468 (JST), Order Dismissing Case (dkt. 35) at 1 (adopting magistrate judge's report
7  and recommendation in full).

8  **6.**     Defendant Marlow Bridge then moved for judgment on the pleadings in this case,
9  arguing that <u>Chapman</u> and its progeny make clear that Mr. Kinney does not have standing
10 under the ADA. <u>See</u> case no. 16-cv-3211 (CRB) MJP (dkt. 23) at 6. At the motion hearing,
11 the Court observed that the suit seemed "frivolous" and ordered Mr. Frankovich to appear in
12 person the following Wednesday if he wished to explain otherwise. <u>See</u> Minute Order (dkt.
13 30). The Court also gave him the chance to voluntarily dismiss the case "no later than 5 p.m.
14 on Monday" and simply walk away. <u>See</u> <u>id.</u> On Tuesday, after Mr. Frankovich refused to
15 back down, Marlow Bridge moved for sanctions. <u>See</u> Mot. for Sanctions (dkt. 31). Defense
16 counsel did not serve Mr. Frankovich with the sanctions motion before filing. <u>See</u>
17 Frankovich Decl. (dkt. 35-1) at 1; <u>see</u> Reply (dkt. 39) at 1-3.

18 **7.**     At the Wednesday hearing, Mr. Frankovich admitted that there was no authority for
19 according Mr. Kinney standing under the ADA.[3] The Court took the motion for judgment on
20 the pleadings under submission and invited Mr. Frankovich to respond in writing to the
21 motion for sanctions. <u>See</u> Minute Order (dkt. 32).

---

[2] At that point, however, the Court had already denied the motion to substitute Mr. Kinney as the plaintiff on "standing and mootness grounds." <u>See</u> case no. 15-cv-5804 (CRB), Order (dkt. 31) at 1. What is more, Mr. Frankovich filed yet another ADA suit on behalf of Mr. Kinney ten days later. <u>See</u> case no. 16-cv-4947 (MEJ), Compl. (dkt. 1) at 3. That case appears to have settled. <u>See</u> Stip. (dkt. 11).

[3] Mr. Frankovich asserts that this is "absolutely untrue" and that he instead informed the Court that "there is no case law dealing with traumatic brain injury and/or perseveration." Resp. to OSC (dkt. 42) at 4. Tomāto, tomăto. Although no case squarely addresses perseveration in the ADA context, no case intimates to the slightest extent that perseveration could be grounds for standing to object to physical barriers under the ADA either. In other words, there is no authority for according Mr. Kinney standing under the ADA in these circumstances.

**8.**     On January 17, 2017, the Court granted Marlow Bridge's motion for judgment on the pleadings but denied its motion for Rule 11 sanctions because it had not complied with the rule's safe harbor provision. See MJP Order at 5-6. Nevertheless, the Court ordered Mr. Frankovich to show cause why it should not impose sua sponte sanctions for continuing to represent that Mr. Kinney has standing under the ADA despite being told "again, and again, and again" that his position was not tenable. Id. at 5. Mr. Frankovich responded by insisting, yet again, that Mr. Kinney "meets and exceeds" the standard for standing under the ADA. See Resp. to OSC. at 2-3. He maintains that perseveration is a "cutting-edge issue" and that his argument is a "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" within the meaning of Rule 11.

**9.**     On February 7, 2017, Judge Tigar dismissed Mr. Kinney's case against Gav's Auto, reasoning that Mr. Kinney does not have standing under the ADA and that amending the complaint would be futile. See case no. 16-cv-3480, Order on MTD (dkt. 39) at 7-8.

And here we are.

## II.     LEGAL STANDARD

Among other things, Federal Rule of Civil Procedure 11 requires attorneys to certify that any legal contention presented to a court – "whether by signing, filing, submitting, or later advocating it" – be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The rule thus permits sanctions against a party "for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 adv. cmte. notes (1993). A litigant's obligations therefore "are not measured solely as of the time" of filing; they extend throughout the litigation. Id.; see also Buster v. Greisen, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997), abrogated on other grounds by Aetna Health Inc. v. Davila, 542 U.S. 200, 214 n.4, 217-18 (2004). The standard is objective, though a court may look to whether there is "a pattern of activity" or just "an isolated event." Fed. R. Civ. P. 11 adv. cmte. notes (1993). Any sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

The Court may impose Rule 11 sanctions on its own initiative, Fed. R. Civ. P. 11(c)(3), in the form of "a penalty payable to the court" or a "variety of possible sanctions" within its "significant discretion," Fed. R. Civ. P. 11 adv. cmte. notes (1993). Although there is no "safe harbor" for sua sponte sanctions, litigants must have "notice of the alleged violation and an opportunity to respond before sanctions are imposed." Id. For that reason, sua sponte sanctions should "be imposed only in situations that are akin to a contempt of court." Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998).

## III.  DISCUSSION

As every court to consider the issue has held, the mentally-disabled Mr. Kinney does not have standing to bring ADA claims regarding structural barriers to the physically-disabled, however much he perseverates and however many times his lawyer insists to the contrary.[4] See case no. 15-cv-5804 (CRB), R&R at 5-6 (Magistrate Judge Laporte); case no. 15-cv-3468 (JST), R&R at 5 (Magistrate Judge Corley); case no. 15-cv-5804 (CRB), Order on Mot. to Sub. Party at 1 (Judge Breyer); case no. 15-cv-3468 (JST), Order Dismissing Case at 1 (Judge Tigar); case no. 16-cv-3480, Order on MTD (Judge Tigar); see also Chapman v. Pier 1 Imports Inc., 631 F.3d 939, 947 (9th Cir. 2011); Rodriguez v. Barrita, Inc., 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014) ("Because Rodriguez cannot demonstrate that the stairway safety barriers related to his particular disability, he cannot demonstrate an 'injury-in-fact' that can be redressed by court order."); Parr v. L&L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1082-83 (D. Haw. 2000) (holding that a paralyzed plaintiff did not have standing to bring an ADA claim for lack of signs written in braille).

The Court recognizes, however, that the Court of Appeals has not addressed Mr. Frankovich's argument. It will allow him that chance without imposing a monetary sanction. But if and until the Court of Appeals holds that Mr. Kinney has standing to object to physical barriers under the ADA, Mr. Frankovich is hereby ORDERED to file a copy of this order in all cases he has filed (or will file) on behalf of Mr. Kinney (or anyone else) in which

---

[4] It also makes no difference whether Mr. Kinney perseverates as a result of watching someone struggle with architectural barriers or seeing the barriers themselves.

5

"perseveration"(or any other mental condition) provides the purported basis for standing to object to a physical barrier(s) under the ADA.  To be clear, that includes any and all such cases currently pending in any court, tribunal, or other dispute resolution forum of any kind. And it includes any and all such cases Mr. Frankovich files in the future in any court, tribunal, or other dispute resolution forum, yes, of any kind.[5]

Finally, the Court ORDERS Mr. Frankovich to file a declaration within seven (7) days attesting to his compliance with this order.

**IT IS SO ORDERED.**

Dated: February 7, 2017



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[5] For any future cases, Mr. Frankovich is ORDERED to serve a copy of this order on the defendants as part of the initial service of process. He is further ORDERED to file proof of such service with this Court.

6